Johnny-Lee Preston Burk #48045
Anchorage Correctional Complex-East
1400 E. 4th Avenue
Anchorage, AK 99501

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


RECEIVED

SEP 1 3 2024

CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

United States of America,

        Plaintiff,

  vs.

Johnny-Lee Preston Burk,

        Defendant.

Case NO.'s 3:19-cr-00117-SLG-MMS
and 3:23-cr-00078-SLG-MMS

## DEFENDANT'S REQUEST FOR PRODUCTION OF DISCOVERY

Comes now, this defendant, Johnny-Lee Preston Burk, by Pro se filing, and hereby respectfully files this motion requesting the governments, as well as the courts production of the discovery and material described here (also see attached). Where Burk is seeking such evidence, as it is "material to preparing a defense", and where such evidence is therefore required to be disclosed (see Fed. R. Crim. P. 16; and United States V. Hernandez-Meza, 720 F.3d 760, 768-9th Cir., 2013) he hereby makes this filing in both the above captioned cases pursuant to Fed. R. Crim. P. 16, Fed. R. Crim. P. 12(b), and 28 U.S.C. § 2255.

### REQUEST FOR PRODUCTION FOR 3:19-cr-00117-SLG-MMS

While Burk has already filed a §2255 petition in 3:19-cr-00117-SLG-MMS (see App. Case NO. 24-3192) Burk is respectfully seeking the discovery of all the below described evidence where he will not only seek relief based on Judge Kindreds Plain Error in failing to Recuse himself, but also additional claims that are related to Judge Kindred and Karen Vandegraws flagrant ethical violations during the litigation of that case and will be supported by that evidence. In addition to the evidence that is already described in the attached Preservation and Production letter, which has already been sent to AUSA Klugman in both case's, Burk respectfully seeks;

(1)

1.) Any ex parte communications between AUSA Vandegraw and Judge Kindred regarding Burk or his case(s) via email, text, or any other format, including but not limited to social media or any internal forms of communication;

2.) Any ex parte communications between Judge Kindred and any other member of the U.S. Attorney's office, such as AUSA James Klugman, regarding Burk or any of his cases with the Alaska District Court via email, text, social media platforms or any other forms of communication;

3.) Any ex parte communications between AUSA's Vandegraw or Klugman with Judge Gleason regarding Burk's cases (also 3:19-cr-00117-SLG-MMS), as well as any communications regarding the ethical violations by Kindred and/or Vandegraw in any case via text, email, social media or any other forms of communication;

4.) any communications between AUSA Karen Vandegraw and/or Klugman regarding their personal relationship during the litigation of Burk's above captured cases; or any evidence that shows when or how long that relationship lasted;

5.) any communications between AUSA Karen Vandegraw and/or AUSA Klugman with any other federal agency or state agency regarding Burk or any of his cases during the litigation of those cases; including Justin Blake (U.S. Marshal's office);

6.) any and all communications between Judge Kindred and Magistrate Scoble regarding Burk and the litigation of 3:19-cr-00117-SLG-MMS;

7.) any and all evidence/communications that would show Chief Judge Gleasons knowledge or awareness of Kindred and Vandegraws unethical and immoral relationship during the litigation of 3:19-cr-00117-SLG-MMS;

8.) any evidence that shows Judge Kindreds improper and unethical relationship with AUSA Karen Vandegraw or any other AUSA during the litigation of 3:19-cr-00117-SLG-MMS; as well as when that behavior occured and for how long;

9.) any communication (letters) recieved by Chief Judge Gleason from Burk in regards of his claims of Judicial misconduct by Judge Kindred during the time of

(2)

litigation of **3:19-cv-00117-SLG-MMS**;

10.) any communications between ~~AUSA~~ Karen Vandegraw and/or ~~AUSA Klugman~~ and Burk's attorney's of the record in 3:19-cv-00117-SLG-MMS regarding that case;

11.) any ex parte communications between Judge Kindred and any counsel of the record regarding Burk or the litigation of 3:19-cv-00117-SLG-MMS;

12.) any evidence, or communications between any party's that is known of or possessed by either the government or court which shows evidence of Judge Kindred's ethical violations or misconduct during the litigation of 3:19-cv-00117-SLG-MMS;

13.) any other evidence that, even if not listed here or in the attached letter for ~~production~~ and ~~preservation~~, will potentially support Burk's assertions of both ~~AUSA~~ Karen Vandegraw and ~~AUSA~~ James ~~Klugman's~~ ethical violations during the litigation of 3:19-cv-00117-SLG-MMS; either together or independently;

14.) any other evidence, documentation, or communication that tends to show evidence of ~~either~~ Judge Kindred's ethical violations during the litigation of 3:19-cv-00117-SLG-MMS; including his intent to prevent Burk's ability to defend himself there;

15.) any evidence or communications between Judge Sharon Gleason during or related to her decision to preside over 3:19-cv-00117-SLG-MMS and relieve Judge Kindred from that case; including evidence of when she first discovered his misconduct;

16.) any communications between Chief Judge Gleason, Judge Kindred, Judge Brestline and/or Magistrate Matthew Scoble regarding Burk or any of his cases;

17.) any communications between any member of the Alaska Federal District Court and each other, or any other Judiciary or Appellate Court regarding Burk and any of his cases; or with any other government agency regarding him or his case(s);

18.) any communications between any Alaska District Court Judge or Magistrate and any other federal agency regarding Burk and/or his cases;

19.) any communications between Judge Kindred and/or Karen Vandegraw during the litigation of 3:19-cv-00117-SLG-MMS, including personal communications

(3)

Case 3:19-cr-00117-ACP-MMS    Document 565    Filed 09/13/24    Page 3 of 9

made by text, email or social media etc that can show to what extent and how long Judge Kindred and Vandegraw had an improper relationship with each other;

20.) any communications between AUSA Karen Vandegraw and AUSA James Klugman regarding their unprofessional relationship and how long that relationship had occured;

21.) any other relevant evidence related to Judge Kindred's potential misconduct during the litigation of 3:19-cr-00117-SLG-MMS;

22.) any other evidence related to AUSA Karen Vandegraw's potential ethical violations in ANY other case (including U.S. V. MOI );

and; 23.) any evidence that is related to Burks 3:19-cr-00117-SLG-MMS case and his defense there and that can be located in emails, texts or messages through social media etc- between any other person, United States Attorney, Judge or government agency ) including any messages between counsel and potential psychologist;

Burk hereby asserts that in addition to the already known potential ethical violations by Kindred and Vandegraw etc, that alot of the evidence requested above is related to either already asserted claims within his § 2255 petition thats already filed or new claims that he wishes to assert regarding the involuntary plea that was entered in that case and the actions of both the government and the court which led to that involuntary and unknowing plea. Where Burk has already asserted that his plea was involuntary and Judge Kindred had prevented his ability to defend himself or prepare an intelligent defense in violation of Ake V. Oklahoma, 470 U.S. 68-1985 in that case by not providing him the chance to obtain a psych-eval in support of his Insanity Defense; he is hereby asking for the production of all evidence or communications is support of those and other potential claims here (also see attached affidavit).

Additionally, Burk hereby seeks some of the incuded evidence where he intends to show that not only does there exist a legal and factual basis for

(4)

the claims asserted in his §2255 petition but also additional claims he wishes to make there, as well as in support of a motion to Reconsider regarding this courts Recusal here and a change of venue based on Chief Judge Gleasons involvement and knowledge of kindred and Judge Vandegraws unethical actions during the litigation of 3:19-cr-00117-SLG-MMS. Furthermore, where the actions of the court during that Case, as well as the U.S. Attorney's office, supports Burk's Vindictive Prosecution claims and assertions of impropriety towards him personally, he seeks all above described discovery in order to prepare and support such a defense as well.

### Burk's Request For Production For 3:23-cr-00078-SLG-MMS

Here, Burk respectfully seeks the production and discovery of any and all evidence described above as if also relates to the defendants new Criminal Case (3:23-cr-00078-SLG-MMS) as well as the following evidence as described below such as;

1.) Any communications, messages, texts, or emails between AUSA Karen Elizibeth Vandegraw (regarding Burk and/or his case currently being litigated) and the State District Attorney's office beginning on or about May 23, 2023;

2.) Any evidence of AUSA Vandegraws decision to charge Burk and seek an Indictment such as messages between her and AUSA James Klugmann, the U.S. Marshals, any other federal agency; any member of the Alaska Federal District Court, the Palmer District Attorney's office; the Alaska State Troopers; or the Wasilla Police Department;

3.) any emails, texts, or messages between AUSA Vandegraw, AUSA James Klugmann and any other person employed by the U.S. Attorney's office regarding Burk or any of his cases;

4.) any evidence, such as messages, texts or emails between AUSA

Vandegraw and/or AUSA James Klugman and Chief Judge Sharon Gleason in regards to Burk or the litigation of 3:23-cr-00078-SLG-MMS;

5.) any evidence, such as, but not limited to: texts, messages emails or any other form of communication that shows, or would tend to show, that AUSA Karen Vandegraw was attempting to vindictively prosecute Burk in 3:23-cr-00078-SLG-MMS as a result of his having filed a §2255 in 3:19-cr-00117-SLG-MMS or for any other reason;

6.) any evidence, such as texts, emails, messages or social media etc between AUSA Vandegraw and AUSA Klugman regarding the decision to prosecute Burk and file the initial indictment against him in 3:23-cr-00078-SLG-MMS;

7.) any evidence, such as texts, emails, messages or social media etc between AUSA Karen Vandegraw and AUSA James Klugman regarding the decision to seek a 924(e) sentencing enhancement against him in 3:23-cr-00078-SLG-MMS;

8.) a copy of the original "dispatch audio" that was provided to AUSA's Vandegraw and Klugman from the State in addition to the chain of custody showing that audio is in its original format.;

9.) any internal communications between AUSA Vandegraw, AUSA James Klugman and other members of the U.S. Attorney's office regarding Burk or the governments prosecution of him in 3:23-cr-00078-SLG-MMS;

10.) any internal communications between AUSA Karen Vandegraw, AUSA James Klugman and any other members of the U.S. Attorney's office in regards to the decision to seek a 924(e) sentencing enhancement against him;

11.) any internal communications between AUSA Karen Vandegraw, AUSA James Klugman and/or other members of the U.S. Attorney's office

(6)

regarding the government's decision to dismiss the 924 (e) enhancement against Burk;

12.) any internal communications between Vandegraw, Klugman and/or any other member of the U.S. Attorney's office regarding the decision to seek a superseeding indictment against Burk for Count 5 of the second superseeding indictment;

13.) any internal communications, messages on social media, texts or emails between any member of the U.S. Attorneys office and Chief Judge Sharon Gleason regarding Burk or any of his cases at all;

14.) any evidence which shows or reflects AUSA Vandegraws choice to seek a 924 (e) sentencing enhancement against Burk, such as internal communications between her and other U.S. Attorney's, her boss at the U.S. Attorney's office and other federal agency's;

15.) any other evidence regarding AUSA Karen Vandegraw and her ethical violations while being involved with Burk's cases, including her actions in other peoples cases;

16.) any evidence, text's, emails, and internal communications that reflects AUSA Vandegraws intentional manipulation of the court in United States v. Moe (see attached);

17.) any other evidence, texts, emails or discovery that has been produced to or from the courts or the U.S. Attorney's office that reflects any additional ethical violations by either AUSA Vandegraw and/or James Klugman in handling cases;

18.) any other evidence, texts, emails, or messages, that has been produced to or from the U.S. Attorney's office which reflects the potential ethical violations of any other Assistant, or U.S., Attorney in connection with the current ethical issues being discussed here;

( 7 )

Case 3:19-cr-00117-ACP-MMS    Document 565    Filed 09/13/24    Page 7 of 9

19.) any other evidence, messages, texts, emails, or internal communications which reflect Judge Kindreds ethical violations and misconduct in any way in which the court and/or the government has access to; and, 20.) any other evidence that may be helpful regarding Burks claims of vindictive prosecution against the government, ethical violations by Vandegraw or Klugman and chief Judge Sharon Gleasons awareness of those ethical violations concerning Vandegraw, Klugman and/or Kindred.

While Burk has been as thurough as possible here, this request is not limited to the asserted evidence and he hereby seeks production of any and all evidence that the government and court has or knows about that is favorable to Burks potential defense. The defendant therefore respectfully seeks any and all of the discovery that's described herein pursuant to Brady V. Maryland and United States V. Hernandez-Meza, 720 F. 3d 760 - 9th Cir., 2013.

Respectfully submitted on this 9th day of September, 2024, by



(8)



Anchorage Correctional Complex-East
1400 E. 4th Avenue
Anchorage, AK 99501

THIS LETTER WAS
WRITTEN BY
AN INMATE AT AN ALASKA JAIL
PLEASE DO NOT SEND CASH IN
THE MAIL

quadient
FIRST-CLASS MAIL
IMI
$002.31
09/11/2024 ZIP 99501
043M31237346
US POSTAGE

Clerk of Court
Anchorage District Court
222 W. 7th Avenue, #4
Anchorage, AK 99513

THIS LETTER WAS
WRITTEN BY
AN INMATE AT AN ALASKA JAIL
PLEASE DO NOT SEND CASH IN
THE MAIL

THIS LETTER WAS
WRITTEN BY
AN INMATE AT AN ALASKA JAIL
PLEASE DO NOT SEND CASH IN
THE MAIL

LEGAL & CONFIDENTIAL

THIS LETTER WAS
WRITTEN BY
AN INMATE AT AN ALASKA JAIL
PLEASE DO NOT SEND CASH IN
THE MAIL